IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-CV-00070-RJC
(3:16-MJ-434-DSC)

| | |
|---|---|
| ANDAIN MARTIN ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |

**THIS MATTER** is before the Court on a Petition for Relief under 28 U.S.C. § 2241, (Doc. No. 1), challenging a magistrate judge's Certification and Committal for Extradition, (Case No. 3:16-mj-434, Doc. No. 13), and the government's Response, (Doc. No. 2). For the reasons that follow, this Court will deny the Petition.

I.  BACKGROUND

Petitioner, Andain Martin, a.k.a. "Kevin Omar Brown," is the subject of an extradition request by the Government of the United Kingdom based on charges of murder, violent disorder, and manslaughter. (Case No. 3:16-mj-434, Doc. No. 2: Comp. at 1-3). Pursuant to 18 U.S.C. § 3184, a magistrate judge held a hearing at which Petitioner conceded that the judicial officer was authorized to conduct the proceeding, the court had jurisdiction over him, the applicable treaty was in full force and effect, the alleged crimes were covered by the applicable treaty, and there was probable cause to support the violent disorder charge. (Id., Doc. No. 11: Mem. at 1-3; Doc. No. 12: Hr'g Tr. at 2-3). Thus, Petitioner only contested the sufficiency of the evidence on the charges of murder and manslaughter. (Id.). After reviewing the summaries of the investigating officer and witnesses from the United Kingdom and hearing the arguments of counsel, the magistrate judge concluded the evidence was sufficient to sustain all three charges under the

relevant standard, (Case No. 3:16-mj-434, Doc. No. 12: Hr'g Tr. at 14), but stayed the extradition Order to enable Petitioner to seek review, (Id., Doc. No. 13: Certification and Committal for Extradition at 2). In the instant Petition followed, again only challenging the sufficiency of the facts supporting the murder and manslaughter charges. (Doc. No. 1 at 4).

II.     STANDARD OF REVIEW

An extradition hearing is not a full trial, but is limited to determining: "(1) whether there is probable cause to believe that there has been a violation of the laws of the foreign country requesting extradition, (2) whether such conduct would have been criminal if committed in the United States, and (3) whether the fugitive is the person sought by the foreign country for violating its laws." Ye Gon v. Holt, 774 F.3d 207, 210 (4th Cir. 2014). Filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 is the only way to challenge an extradition decision and "is limited to determining whether the extradition judge had jurisdiction, whether the charged offense is an extraditable offense under the applicable treaty, and whether there is any evidence warranting the conclusion that probable cause exists for the violation of the foreign country's laws." Id. at 211. To overturn a presumptively valid extradition order, a petitioner bears the burden of proving by a preponderance of evidence that he is being held in violation of the Constitution, laws, or treaties of the United States. Skaftouros v. United States, 667 F.3d 144, 158 (2d Cir. 2011) (quoting Fernandez v. Phillips, 268 U.S. 311, 312 (1925)). Here, the only issue is whether there is any evidence warranting the magistrate judge's conclusion that probable cause exists for the British murder and manslaughter charges.

III.    DISCUSSION

    A.    Aiding and Abetting Theory

Petitioner argues the evidence is insufficient to extradite him because he did not inflict

2

the knife wounds which caused the victim's death and the murder and manslaughter charges do not allege a theory of aiding and abetting. (Doc. No. 1: Motion at 3-4). Petitioner concedes that American law does not require such explicit language in a charging instrument and has not shown that British law does. (Id. at 4); see also United States v. Day, 700 F.3d 713, 720 (4th Cir. 2012) ("as this court and other courts have repeatedly held—a defendant may be convicted of aiding and abetting under an indictment which charges only the principal offense.") (internal quotation marks and citations omitted).

Like 18 U.S.C. § 2, it appears that British law holds an accessory "liable to be tried, indicted, and punished as a principal offender" and "a person charged as a principal may be convicted even though the real case against him was that he was an accessory." (Case No. 3:16-mj-434, Doc. No. 2: Comp. at 32, Alison Claire Riley, Crown Prosecution Service Extradition Prosecutor, Aff.). Thus, Petitioner may be held criminally responsible for the killing if he voluntarily participated in the alleged murder or manslaughter with the intent to violate the law. Fifth Circuit Pattern Jury Inst. § 2.04 (2015).

A video recording of the attack on the victim is evidence from which a trier of fact could reasonably infer Petitioner's criminal responsibility. A summary of the recording describes Petitioner and three others as "chasing" a second group of males, including the victim. (Case No. 3:16-mj-434, Doc. No. 2: Comp. at 13, Gary Waite, Metropolitan Police Detective Constable, Aff.). Petitioner is carrying a bottle and a companion is carrying a broom. (Id.). When the victim falls to the ground, Petitioner smashes the bottle on the victim's head. (Id. at 14). Petitioner's companions immediately kick, beat with the broom, and repeatedly stab the victim. (Id. at 14-15). Petitioner and his three companions then run from the scene. (Id. at 15). Therefore, the Court finds that Petitioner has failed to carry his burden to show there is no

evidence to support the magistrate judge's determination that there is probable cause to believe he is responsible for the alleged murder or manslaughter.

B.      Murder Mens Rea

Petitioner further claims there is no evidence of malice aforethought, which would be required to prove a violation of 18 U.S.C. § 1111, the analogous federal murder charge. (Doc. No. 1: Motion at 4).  Under American law, "[t]o kill 'with malice aforethought' means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life." Fifth Circuit Pattern Jury Inst. § 2.52A, B (2015).  Murders under § 1111(a) may be premediated (first degree) or not (second degree). Id.  The presence or absence of malice must be inferred from all the facts and circumstances surrounding a killing. United States v. Flemming, 739 F.2d 945, 947 (4th Cir. 1984).  Under British law, murders may be committed "with intent to kill or cause grievous bodily harm." (Case No. 3:16-mj-434, Doc. No. 2: Complaint at 25, Riley Aff.).  "Grievous bodily harm means injury which is really serious but not necessarily dangerous to life." (Id. at 26).

The recording described above is evidence from which a trier of fact could reasonably infer that Petitioner, or someone aided and abetted by him, acted the requisite intent.  Therefore, the Court finds that Petitioner has failed to carry his burden to show there is no evidence to support the magistrate judge's determination that there was probable cause to believe Petitioner committed, or aided and abetted, murder.

IV.   CONCLUSION

After reviewing the entire record, the Court finds that Petitioner has not shown he is in custody in violation of the Constitution, laws, or treaties of the United States; thus, he is not entitled to a writ of habeas corpus.

4

**IT IS, THEREFORE, ORDERED** that the Petition for Relief under 28 U.S.C. § 2241, (Doc. No. 1), is **DENIED**.

Signed: May 18, 2017

Robert J. Conrad, Jr.
United States District Judge